(C. D. 561)

MILL & MINE SUPPLY CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided December 1, 1941)

*Eugene R. Pickrell* (*Eugene A. Chase* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before Tilson, Kincheloe, and Dallinger, Judges

Dallinger, Judge: This is a suit against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on a particular importation invoiced as "Gasdriven Chain Saws." Duty was levied thereon at the rate of 35 per centum ad valorem under paragraph 353 of the Tariff Act of 1930 as articles having as an essential feature an electrical element or device. It is claimed that said articles are properly dutiable at the rate of 20 per centum ad valorem under paragraph 340 of said act as saws not specially provided for, or at the rate of 27½ per centum ad valorem under paragraph 372 of said act as machines or parts thereof not specially provided for.

Two photographs of the imported machines were admitted in evidence as plaintiff's collective illustrative exhibit A. It appears therefrom that the imported merchandise consists of a continuous chain of teeth linked together and passing over a wheel at each end of the imported device or mechanism. On one end is a handle or grip for handling the chain of teeth, and on the opposite end there is, in addition, a single-cylinder gasoline motor for driving the mechanism.

In addition to said exhibits, counsel for the respective parties have stipulated in open court "that the imported saw is driven by a single cylinder gasoline motor, which is shown in collective illustrative exhibit A; that attached to this motor are a spark plug and a magneto with the necessary connecting wiring; that the spark plug, magneto, and wiring, are the only electrical elements of the imported merchandise, and are used to produce the spark necessary for the ignition of the fuel in the gasoline motor; and that this saw is a mechanically operated saw used in lumbering."

The first question presented is: Was the collector right when he classified the imported mechanism as an article having as an essential feature an electrical element or device as contemplated by said paragraph 353? This query must be answered in the negative in view of the decision of the United States Court of Customs and Patent Appeals in the case of *John A. Steer & Co.* v. *United States*, 24 C. C. P. A. 293, T. D. 48737.

There, the merchandise consisted of an anhydrous ammonia plant operated by a gas engine but started by two electrical heating units. As in the present case, the collector classified the plant as dutiable at the rate of 35 per centum ad valorem under said paragraph 353 as an article having as an essential feature an electrical element or device; and the claim was that it was dutiable at the rate of 27½ per centum ad valorem under said paragraph 372 as a machine not specially provided for. In sustaining said claim, the appellate court, among other things, said:

\* \* \* Is an anhydrous ammonia plant of the size and character of the one here involved *ejusdem generis* with articles such as electric motors, fans, locomo-

tives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs? We are unable to see anything in common between them. The particular devices which are named in the statute as exemplars, are devices which *are operated electrically, and which are able to function because of their electrical elements.* That is true only in a very small degree in the case of an anhydrous ammonia plant, such as the one here imported. The continuance of its operation does not at all depend upon an electrical element. It has, it is true, an electrical heating element by which the synthesis of the gases is inaugurated, but so, to the same extent, does a gasoline automobile which has its electrical starting device, or an oil burner for a furnace which has its spark plug to start ignition. Yet we dare say no one would seriously contend that such devices should be classified within paragraph 353, even though there were no specific provisions for automobiles or oil burners within the tariff act. Such devices would still be gasoline automobiles and oil furnaces. In other words, they would not be electric machines, and the articles, to be classified under the third subdivision of said paragraph 353, are, as we said in the *Dryden Rubber Co.* case, *supra,* required to be electric machines; that is, machines where the *essential operating power of the device is electricity.* [Italics ours.]

In the instant case it is uncontradicted that the only electrical features in the present importation are a spark plug, a magneto, and the necessary wiring for the sole purpose of producing the spark for igniting the fuel in the gasoline motor. Such an importation must be excluded from classification under said paragraph 353.

The only remaining question is whether the merchandise at bar should be classified under paragraph 340 as a saw not specially provided for, or as a machine or parts thereof not specially provided for under paragraph 372. On this point we are inclined to agree with counsel for the Government who contends that the instant merchandise is something more than a saw. While it is true that in the case of *Algoma Plywood & Veneer Co.* v. *United States,* T. D. 49527, 73 Treas. Dec. 701, this court held that a certain gang saw was properly dutiable at the rate of 20 per centum ad valorem under said paragraph 340 as a saw not specially provided for, nevertheless, on rehearing, that merchandise was necessarily classified under paragraph 372 of the Tariff Act of 1930 under the *eo nomine* provision therefor incorporated therein by virtue of the trade agreement entered into between the United States and Sweden, T. D. 47785. (See Abstract 41849, 3 Cust. Ct. 336).

It would seem, in view of such incorporation of a provision for gang saws in paragraph 372, that it was never the intention of Congress to include within the purview of said paragraph 340 such highly complex mechanisms as those involved in this importation. We are fortified in our conclusion by the language employed in said paragraph 340. After enumerating some of the kinds of saws contemplated therein, we find these qualifying words "finished or further advanced than tempered and polished,"which could only apply to the blades of the saws contemplated by the paragraph.

, Upon the established facts and the law applicable thereto, we hold that the article invoiced as "gasdriven chain saws" is properly dutiable at the rate of 27½ per centum ad valorem under paragraph 372 of the Tariff Act of 1930 as a machine or parts thereof not specially provided for, as alleged by the plaintiff. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.